Mandour & Associates, APC
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Gordon E. Gray (SBN 175209)
Email: ggray@mandourlaw.com
8605 Santa Monica Blvd., Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Attorneys for plaintiff,
Doctor's Financial Network, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Doctor's Financial Network, Inc., a California corporation, | **Civil Case No. 2:22-cv-02149** |
| Plaintiff, | **DECLARATION OF CHARLES KRUGH IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DrDisabilityQuotes.com, LLC, a New Jersey limited liability company, | |
| Defendant. | |
| | |
| DrDisabilityQuotes.com, LLC, a New Jersey limited liability company, | |
| Counterclaimant and Third-Party Plaintiff | |
| v. | |
| Doctor's Financial Network, Inc., a California corporation, | |
| Counterclaim Defendant; | |
| and | |
| Charles Krugh, an individual, | |
| Third-party Defendant. | |

I, Charles Krugh, hereby declare as follows:

1.      I am the President and CEO and owner of plaintiff Doctor's Financial Network, Inc. and an individual third-party defendant in the above action. I submit this declaration in opposition to Defendant's motion for summary judgment. The following facts are true, of my personal knowledge or based on corporate records under my control, and if called and sworn as a witness, I could and would competently testify to them.

2.      Doctor's Financial Network, Inc. ("DFN") is the owner of two U.S. trademark registrations for the mark "DOCTOR DISABILITY". I (and DFN as my corporate successor in interest) have used the mark continuously since at least as early as 2004 for insurance brokerage services. A true and correct copy of each of the trademark registrations are attached hereto as Exhibits 124 and 125, respectively.

3.      There is actual confusion between DFN's DOCTOR DISABILITY trademarks and DDQ's DrDisabilityQuotes.com mark. For example, one of my employees, Beth Aroz, was contacted, first by phone and then email, by a prospective customer, Dr. Atif Mohiuddin, around January of 2021. DFN's "customer relations management" ("CRM") software indicated that Dr. Mohiuddin contacted DFN via a DFN advertisement from the "PhysicianOnFire" website. DFN also paid PhysicianOnFire a fee for this lead. A true and correct copy of Bates Nos. 1871-1873 showing this CRM contact is attached hereto as Exhibit 126. Dr. Mohiuddin

subsequently became confused as to the source of DOCTOR DISABILITY

services and began contacting defendant DrDisabilityQuotes.com ("DDQ") and its

CEO, Bob Bhayani as shown in Exhibit 115 from his deposition. Exhibit 115 also

contains the emails between Dr. Mohiuddin and Ms. Aroz.

4.      U.S. Trademark Reg. No. 3,085,018 ("the '018 registration") has often

been called "the Stethoscope mark" in this litigation as it comprises a stethoscope as

a design element. DFN has used the Stethoscope mark starting at least as early as

2004 and continuously until this day.

5.      Attached hereto as Exhibit 127 is true and correct copy of a screen shot

of a video that was placed on DFN's website in 2015 and then was uploaded to

YouTube in January 2020. The video has amassed over 41,000 views on YouTube

since January 2020. The video uses the Stethoscope mark prominently. The

YouTube link for the video is:

https://youtu.be/pbNBN50ZTPw?si=SoEKjA_gqp1RAxcZ. The video is 120

seconds long and the Stethoscope mark is visible for 13 seconds of the video or more

than 10% of the video's length.

6.      Attached hereto as Exhibit 128 is a true and correct copy of DFN's

mailing envelopes. These envelopes are currently used and have been

continuously in use for over ten years.

7.     Attached hereto as Exhibit 129 is a true and correct copy of DFN's presentation folder displaying the Stethoscope mark.  DFN has used this folder continuously for roughly ten years.  These folders are used to provide insurance coverage quotes and other documents to prospective customers.

8.     Attached hereto as Exhibit 130 is a true and correct copy of a sample 2019 email that shows DFN used the Stethoscope mark in its email signatures. DFN used the Stethoscope mark in its email signatures from 2004 to 2019 continuously.

9.     Attached hereto as Exhibit 131 is a true and correct copy of DFN's newsletter.  DFN used the Stethoscope mark on its newsletter from 2010 to 2016 continuously.

10.     Attached hereto as Exhibit 132 are true and correct copies of screenshots of DFN's web site from 2004 and 2019.  DFN used the Stethoscope mark on its website from 2004 to 2019 continuously.

11.     Attached hereto as Exhibit 133 is a true and correct copies of pages from DFN's Google Business Profile, formerly called "Google My Business."  The first page is a screenshot of DFN's Google Business Profile as of November 29, 2022 with the Stethoscope mark.  The second page shows that the Stethoscope mark was uploaded to DFN's Google Business Profile eight years ago, i.e. 2016, and has been used continuously there to this day.  The last page of Exhibit 133

shows from December 2023 to May 1, 2024 that 2,961 people viewed DFN's Google Business Profile and 1,253 searches showed DFN's Google Business Profile during that time.  Many customers and potential customers of DFN are exposed DFN's Google Business Profile (and the Stethoscope mark) due to DFN's advertisements via Google.

12.     DFN advertises its services in a variety of ways including, but not limited to, pay-per-click advertising, email campaigns, advertising on various websites such as White Coat Investor's "Physician on Fire," in newsletters, by sponsoring events and appearing at trade shows.

13.     DFN sells insurance policies in all fifty (50) states and does not direct ads to specific geographies.

14.     I did not have personal knowledge of the existence of DDQ or Mr. Bhayani or their use of the DrDisabilityQuotes.com mark until 2019.

15.     DFN and I did not use the word mark "Doctor Disability" solely in proposals.  For example, my employees and I have answered the phone with the words "Doctor Disability" and outgoing voicemails refer to "Doctor Disability" since 2004.

16.     When the trademark application that became the '284 registration was filed on August 29, 2018, I was not aware of any third-party uses of "Doctor Disability" that were prior to my 2004 use.

17.   My employees and I have never "pretended" to be Mr. Bhayani or DDQ or affiliated with DDQ in any way.

18.   When I signed my declaration for the trademark application for the '284 registration on August 29, 2018 I had no intention to deceive the PTO as to my trademark rights in the '018 registration.  DFN and I had been using the Stethoscope mark continuously since 2004 and I had no knowledge of any third-party use of DOCTOR DISABILITY for insurance brokerage services prior to mine.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:  June 6, 2024

Charles M. Krugh, President
and CEO of Doctor's Financial
Network, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the below, copies of the foregoing document was filed electronically via the Court's CM/ECF system. Notice of these filings will be sent to all attorneys of record by operation of the Court's Electronic Filing System.

Dated: June 7, 2024

**Law Offices of Peter J. Lamont**

_____/s/ Peter J. Lamont_____
Peter J. Lamont
191 Godwin Avenue, Suite 4
Wyckoff, NJ 07481
Telephone: (201) 904-2211
Email: pl@pjlesq.com

Attorneys for plaintiff and counterclaim-defendant, Doctor's Financial Network, Inc. and third-party defendant Charles Krugh